# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CASE NO: 8:04-CR-474-T-30EAJ

EUSEBIO HINESTROZA HINESTROZA,

    Defendant/Petitioner.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion for Sentencing Adjustment (Dkt. #159) filed on January 4, 2010.

## BACKGROUND

Petitioner, EUSEBIO HINESTROZA HINESTROZA (hereinafter referred to as "Hinestroza" or "Petitioner"), was charged in an indictment with one count of possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a) and 1903(g), 18 U.S.C. § 2, and 21 U.S.C. 960(b)(1)(B)(ii). (CR Dkt. # 61). Hinestroza signed a plea agreement on January 12, 2005, and the guilty plea was announced to the Court on February 3, 2005. (CR Dkt. # 68).

Hinestroza was sentenced on April 21, 2005, to 168 months imprisonment followed by a five-year term of supervised release. (CR Dkt. # 89). He is currently serving his term

in the custody of the Bureau of Prisons. Because of his status as a deportable alien, he contends that he is ineligible to serve any portion of his sentence in a minimum security facility, half-way house, or other community custody program. He claims that his ineligibility for these benefits results in harsh collateral consequences for him that are sufficient grounds for a downward departure under the sentencing guidelines.

Specifically, he argues that he faces a more severe sentence than United States citizens who committed the same offense and received the same guideline sentence as he did. He also contends that his lack of United States citizenship will result in him being further incarcerated in an INS detention facility while awaiting deportation, thereby effectively extending his incarceration.

Hinestroza asks that the Court grant him a downward departure and vacate the time remaining on his sentence, approximately 101 months, which is a 64% reduction in his sentence. For the reasons discussed herein, Hinestroza's motion will be DENIED.

## **DISCUSSION**

This Court has authority to modify or correct a previously imposed sentence only in the circumstances set out in 18 U.S.C. § 3582(c). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1)(A); (2) under Fed. R. Crim. P. 35 (on the government's motion to reduce a sentence for substantial assistance or to correct a clerical mistake within fourteen days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of

sentence is consistent with the guidelines' policy statements. 18 U.S.C.§ 3582(c)(2). Hinestroza fails to assert grounds for modification that fall into any of the categories above. Thus, this Court is without authority to reduce his sentence.

Moreover, it is worth noting that his substantive claim is without merit. *United States v. Maldonado,* 242 F.3d 1, 4-5 (1st Cir. 2001)("a deportable alien who commits a crime is still within the 'heartland' of the guidelines"; "the common facts of a long sentence and likely deportation" do not by themselves make a case extraordinary such as to warrant a downward departure); *see also States v. Farouil*, 124 F.3d 838, 847 (7th Cir. 1997). In short, Hinestroza's argument fails. He is not entitled to any reduction in sentence based on his status as a deportable alien.

It is therefore ORDERED AND ADJUDGED that Petitioner's Motion For Sentencing Adjustment (Dkt. #159) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on May 18, 2010.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2004\04-cr-474.adjust 159.wpd